BADWAY J. BADWAY *vs.* COLUMBIA MOTOR MILEAGE CORP.
NORA BADWAY *vs.* SAME.

JANUARY 14, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. These actions of trespass on the case for negligence were tried together in the superior court to a jury which returned verdicts of $1000 for the plaintiff Badway J. Badway and $100 for the plaintiff Nora Badway. In each case the defendant filed a motion for a new trial, which motions were denied by the trial justice and thereafter the defendant duly prosecuted its bills of exceptions to this court.

The defendant in each case is relying on two exceptions: first, to the ruling of the trial justice in refusing to charge the jury in accordance with its request numbered 4; and, second, to the decision of the trial justice denying its motion for a new trial. Because of our disposition of the exception first above mentioned it is necessary to give only a general outline of the evidence.

It appears that the plaintiffs, who are husband and wife, about midday on October 31, 1945 were riding together in a panel body Ford truck which was being operated by the husband on Dean street in the city of Providence. He stopped the truck at the intersection of that street with another highway because of approaching traffic, and while so stopped his truck was struck in the rear by a ton and a

half truck owned by and registered to the defendant, a Massachusetts corporation, and operated by one Hodgson. As a result of the collision the rear of the Ford truck was somewhat damaged and the plaintiffs alleged they suffered bodily injuries which required medical treatment and incapacitated them for some time. In these proceedings they are seeking to recover for personal injuries and property damage.

The defendant, however, introduced evidence tending to show that it was not in the trucking business as such and did no trucking itself. Its only business was the leasing of its trucks to others to be used by them as their own and for their own purposes. There was also evidence to the effect that the defendant's truck which struck the Ford truck in which the plaintiffs were riding had prior thereto been rented to the A. B. & C. Motor Transportation Co., Inc., which did trucking; that Hodgson, the operator, had been employed by the last-named company for about two years; and that at the time of the accident he was still so employed, was being paid and directed by such company, and was driving the truck on the business of the A. B. & C. Motor Transportation Co., Inc.

The plaintiffs are relying on the provisions of public laws 1940, chapter 867, which amended general laws 1938, chap. 98, §10, and which reads in part as follows: "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle * * *. Evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be prima facie evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative

defence to be set up in the answer and proved by the defendant."

The defendant in addition to filing a plea of the general issue to the plaintiff's declaration in each case also filed two additional pleas as follows. Second plea: "And for a further plea, in answer to the 3 counts of plaintiff's declaration, defendant comes and says, that while the motor vehicle mentioned in said declaration was registered to it, the defendant, yet said motor vehicle was not at the time and place in said declaration specified, being operated by a person who had the consent of the said defendant, express or implied, so to do, nor with the consent of the said defendant, and so the defendant says affirmatively that there was an absence of consent. And of this, the said defendant is ready to verify." Third plea: "And for a further plea to the three counts of plaintiff's declaration defendant says the plaintiff ought not have or maintain his said action because it says that while the said motor vehicle mentioned was registered to the defendant yet said motor vehicle had prior to said accident been leased or rented to ABC Transportation Company, who were using said motor vehicle exclusively on their own business and not on the business of the defendant at the time of said accident; and so the defendant says there was no agency in law or in fact, and of this the said defendant is ready to verify." These pleas apparently were intended to raise the question of whether or not in the circumstances defendant had consented expressly or impliedly to the operation of the truck by Hodgson at the time of the accident and whether defendant's truck had been leased to the A. B. & C. Motor Transportation Co., Inc. for use exclusively in its own business.

The defendant's fourth request to the trial justice to charge the jury was as follows: "If you find that the defendant's truck had been leased or rented to A B & C Transportation Co. and at the time and place was being operated by an employee and agent of that company, on no business of the defendant, Columbia Motor Mileage

Corp., and that the operator was operating without any consent, express or implied of Columbia Motor Mileage Corp., but with consent of A B & C Transportation Co., then your verdict must be for the defendant."

The plaintiffs contend that the granting of the above request would have precluded the jury from considering the cases on the questions of fact which were raised by the evidence, and further that in any event the trial justice in his general charge fully and properly covered the point of law raised by the request in issue. In our opinion the request as framed did not amount to an absolute direction by the trial justice to the jury, but merely indicated what their verdict should be if they found from the evidence submitted certain facts regarding the alleged leasing of the defendant's truck and the alleged lack of consent by the defendant respecting its operation by the driver. We find no reason therefore to question the correctness of the request for the cause first suggested.

As to the other ground urged by the plaintiffs, it is well settled that a trial justice is not compelled to charge the jury in the exact language requested by a party even though the point thus raised is material and proper, and no exception will lie to his refusal to make the specific charge provided he correctly and substantially covers the point in question in his general charge as given. The defendant, however, takes issue with the plaintiffs on this point and argues that the questions raised in its fourth request were not so covered by the trial justice.

To determine this matter we have examined with care the entire charge of the trial justice and particularly a certain portion thereof which the plaintiffs claim supports their contention that the defendant's request was substantially and fairly covered. After so doing we are of the opinion that the plaintiffs' contention is not correct. In fairness to the trial justice we believe that he intended and attempted to cover in his own language the points raised by the defendant's request. However, his charge in

this connection, at least as reported in the transcript, was so confusing and inadequate that in our judgment such request was not correctly and substantially covered by him, with the result that the defendant was deprived of having the jury receive a fair and clear statement of the point of law referred to in its fourth request. This point clearly related to its principal defense to the plaintiffs' actions and it was entitled to have the matter in issue made clear to the jury. We find therefore that, in the circumstances appearing herein, it was error in each case for the trial justice to refuse to charge the jury in accordance with the defendant's fourth request which, in our opinion, was a correct statement of the law applicable to the facts of these cases.

The defendant's second exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Bernard B. Abedon,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.