Lena Marks *et al. vs.* General Insurance Company of America.

AUGUST 7, 1953.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of assumpsit was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant. It is before this court on plaintiffs' bill of exceptions. Exceptions numbered 1 and 2, and 3 as it relates to plaintiffs' requests to charge numbered 1, 2, 5 and 6, have been neither briefed nor argued and are deemed to be waived. We are concerned therefore only with requests to charge numbered 3, 4, 7 and 8 appearing under exception 3, which requests the trial justice refused to grant.

The action is based on a certain policy of insurance dated June 19, 1948 covering a dwelling house owned by plaintiffs at 94-96 Oakland avenue in the city of Providence. This was a standard form of policy covering direct loss by fire.

The plaintiffs claimed that on April 28, 1950, while the policy was in full force, they suffered damage to the insured premises by smoke resulting from a flare-up of an oil hot water heater in the cellar. This flare-up was discovered by Dorothy A. Wyman, the upstairs tenant, whose written statement given to defendant's adjuster was presented in evidence by the plaintiffs without objection. It reads in part as follows: "On April 28, 1950, at approximately 10 A.M. I smelled smoke. I investigated & found our hot water burner, in the cellar, shooting out flames from the top of the burner. The fire was confined to the burner, none was on the floor, or in or on the kerosene container. The burner was smoking very badly. I wanted to turn it off but the flames were too high so I crossed the street and enlisted the aid of a roofer who came over. In my presence he turned off the burner. I'm definitely sure there was no kerosene burning on the floor."

A similar written statement of Paul L. Cayer who testified as a witness for the plaintiffs was also presented in evidence without objection. It appears from such statement and

from his testimony that when he came over in response to Mrs. Wyman's request the burner was flooded and flaming and smoking badly; that when he turned off the jet the fire began to die down and then went out; that although the flames from the burner had reached the subflooring above, the latter did not catch fire; that when he turned off the jet the fire gradually went out; and that the flames were right around the burner, *coming from the inside to the outside.*

The parties agree that the issue presented to the jury was whether the fire that caused plaintiffs' damage by smoke was a "friendly" or a "hostile" fire. The trial justice charged the jury as follows: "The fundamental question is whether plaintiffs' damage was caused by smoke and soot from what is known as a 'hostile fire' as distinguished from a 'friendly fire.' Defendant admits its liability for damage caused by the former, but not by the latter. Plaintiffs maintain that since the flames escaped from the limits within which they were intended to be confined, the fire was hostile. Defendant contends that, although the flames escaped from their normal limits, nevertheless nothing was ignited or burned outside of the furnace which caused the plaintiffs' damage, and that such damage was caused by smoke and soot from a fire 'which was not hostile but friendly.'"

The trial justice further charged: "Again, it is said that if the fire is in no respect a hostile fire, that is, if the fire itself does not pass beyond the limits assigned for it, as, for example, a stove, furnace, lamp, oil burner, or similar receptacle intended to hold fire, then the results of smoke and heat, where there is no ignition outside the agencies employed, are not covered by the policy, nor is damage by any degree of heat alone without flame or glow covered. If the fire, however, extend beyond the place where it belongs it becomes a hostile fire, which, indeed, is the peril insured against. * * * If there was a second fire caused by the intentional fire, or the friendly fire, then the plaintiffs can recover. If there was a friendly fire and not a hostile fire,

the plaintiffs cannot recover and your verdict must be for the defendant. If the damages were caused by one fire, which was an intentional fire, then the plaintiffs cannot recover." Several illustrations were also given to the jury to enable it to make the necessary distinction between a "friendly" and a "hostile" fire.

Neither party took any exception to the charge as given. The plaintiffs, however, press their exceptions to the failure of the trial justice to charge the jury according to requests numbered 3, 4, 7 and 8 under exception 3. It is well settled that the trial justice is not compelled to charge the jury in the exact language requested by either party, and no exception will lie to his refusal to make the specific charge provided he correctly and substantially covers the point in his general charge as given. *Badway* v. *Columbia Motor Mileage Corp.,* 75 R. I. 39.

We have carefully examined the plaintiffs' requests to charge and the general instructions of the trial justice, excerpts from which we have quoted above. While the charge as given is not in the exact language requested, it is nevertheless a careful and comprehensive statement of the law to be applied to the facts as found by the jury. It was neither misleading nor confusing. It clearly stressed that the issue to be determined by the jury was whether the fire which caused the plaintiffs' damage was of a "friendly" or "hostile" nature and it gave to the jury the correct legal formula by which that issue was to be decided. Without reference to any particular set of facts, it covered in general terms the particular requests of the plaintiffs insofar as they were legally and properly applicable to the evidence herein. Therefore exception numbered 3 covering the above-mentioned requests to charge is overruled.

All of the plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Abraham Marks, Frank H. Bellin,* for plaintiffs.

*Boss & Conlan, John T. Keenan,* for defendant.